RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 2/2/12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **JULIAN ESTRADA** | DOCKET NO. 11-CV-2118; SEC. P |
| **VERSUS** | JUDGE DEE D. DRELL |
| **WARDEN R. MARTINEZ** | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Pro se petitioner Julian Estrada filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the Federal Bureau of Prisons, and is incarcerated at the United States Penitentiary in Pollock, Louisiana (USP-P). He challenges the manner in which the Bureau of Prisons is computing his sentence, and he seeks a speedier release from custody.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons, it is recommended that his claim be **DISMISSED**.

#### *Background*

Petitioner was arrested by the state of Texas law enforcement officials on April 18, 2006 for burglary and theft of a weapon. [Doc. #1, p.25] On October 23, 2007, while in state custody, Petitioner was temporarily transferred to the custody of the United States Marshal Service pursuant to a writ of habeas corpus ad prosequendum. [Id.] On December 11, 2007, Petitioner pleaded guilty to eight counts of being a felon in possession of a firearm. On

April 3, 2008, Petitioner was sentenced to 110 months incarceration, to run concurrent to Petitioner's state sentence that was imposed on March 8, 2007. [U.S. v. Estrada, 08-cr-40360, Fifth Circuit Court of Appeal, 3/3/09.] Petitioner was returned to state custody for service of his state term of imprisonment. On August 7, 2009, Petitioner was paroled from the state to USMS custody for service of his federal term. [Doc. #1, p.25]

### Law and Analysis

Petitioner's federal sentence was run concurrent to his state sentence. The record indicates that originally, Petitioner's federal computation began on the date he was received in federal custody - August 7, 2009. [Doc. #1, p.13/29] However, on February 4, 2010, Petitioner **was granted** a nunc pro tunc designation, and his federal sentence was recalculated, now commencing on April 3, 2008 - the date the federal sentence was imposed. He was also given presentence credit *toward his federal sentence* from April 18, 2006 (the date of his arrest) through March 7, 2007 (the date before his state sentence was imposed). Still, Petitioner seeks additional credit against his *federal* sentence for the rest of the time that he spent in state custody prior to the imposition of the federal sentence.

Pre-sentence credit is governed by 18 U.S.C. §3585(b), which provides:

> Credit for prior custody. - A defendant shall be given credit toward the service of a term of imprisonment for any time he

2

has spent in official detention prior to the date the sentence commences-

> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> **that has not been credited against another sentence.**

18 U.S.C. § 3585 (West 1998)(emphasis added). The statute clearly authorizes credit only for time that has not been credited toward another sentence. United States v. Wilson, 503 U.S. 329, 334, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992). The Attorney General, through the Bureau of Prisons, determines what credit should be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences. Wilson, 503 U.S. at 333-34. Generally, an inmate is not allowed credit toward his federal sentence if the prior custody time was credited toward his state sentence. See United States v. Dovalina, 711 F.2d 737, 740 (5th Cir. 1983). Petitioner received credit toward his state sentence from March 8, 2007 (the date the state sentence was imposed) to August 7, 2009 (the date his state sentence was completed). Therefore, the time that was not credited toward his federal sentence *was* credited toward his state sentence that time may not be credited toward Petitioner's federal sentence.

Petitioner was granted nunc pro tunc desigation and has received all of the credit toward his federally sentence to which

he is entitled by law. For the forgoing reasons, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED**.

### *Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 2nd day of February, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE